UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| SUSAN MAE BOATES | : | |
| Debtor | : | Bankruptcy No. 05-17077 |
| SUSAN MAE BOATES and RICKY L. BOATES | : | |
| | : | |
| Plaintiffs v. | : | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION | : | Adversary No. 06-0053 |
| Defendant | : | |

.................................................

ORDER

.................................................

AND NOW, this 13th day of March 2006, the plaintiffs in the above-captioned adversary proceeding, having filed a motion under Fed. R. Bankr. P. 9023, incorporating Fed. R. Civ. P. 59(e),

And the plaintiffs' proposed order requests that the defendant's ejectment action be nullified from the inception and that plaintiffs' counsel be awarded attorney's fees. Thus, the plaintiffs do not contend in this motion that damages under section 362(h) were proven at trial, or that punitive damages are warranted,

And a motion to alter or amend a judgment under Rule 59(e) must be grounded on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice. See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995),

And a Rule 59(e) motion should not relitigate issues that the court already decided. See Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001) (motion improper if merely used to reargue matters previously decided); Smith v. City of Chester, 155 F.R.D. 95, 97 (E.D. Pa. 1994); In re Wile, 310 B.R. 514, 516 (Bankr. E.D. Pa. 2004),

And, moreover, a party may not, in a motion to alter or amend a judgment, present an argument available earlier but not advanced at trial. Kellogg v. Schreiber (In re Kellogg), 197 F.3d 1116, 1120 (11th Cir. 1999). "Motions for reconsideration should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." Pennsylvania Ins. Guaranty Ass'n v. Trabosh, 812 F. Supp. 522, 524 (E.D. Pa. 1992); In re Wile, 310 B.R. at 516,

And a hearing need not be held to determine a motion for reconsideration. See Mincey v. Head, 206 F.3d 1106, 1124 (11th Cir. 2000) (Rule 59(e) motion denied without a hearing); United States v. 8136 S. Dobson Street, 125 F.3d 1076, 1086 (7th Cir. 1997) (federal court has "substantial discretion in determining whether to conduct an evidentiary hearing on a Rule 60(b) motion"); Atkinson v. Prudential Property Co., 43 F.3d 367, 374 (8th Cir. 1994) (same),

And the plaintiffs assert that this court improperly concluded that Federal

National Mortgage Association ("FNMA") neither knew nor should have known of Mrs. Boates' pending bankruptcy filing prior to August 17, 2005, when the debtor's attorney sent a letter to FNMA's counsel. In their motion, however, the plaintiffs cite to no evidence in the record to support this contention. They rely only upon their "logic" and surmise. Thus, they do not maintain that this court overlooked evidence on this point,

And the plaintiffs' other contentions are simply rearguments of legal positions rejected by the earlier decision, for which defendant's position is already known and a written response thereto would be unnecessary,

Accordingly, as there would not be any benefit to the parties in scheduling oral argument on this motion,

It is hereby ordered that the motion under Rule 9023 is denied.

_____
BRUCE FOX
United States Bankruptcy Judge

copies to:

Leslie J. Rase, Esquire
Von Rosenstiel Law Office
649 South Avenue, Suite 6
P.O. Box 307
Secane, PA 19018

David A. Scholl, Esquire
Regional Bankruptcy Center of SE PA
Law Office of David A. Scholl
6 St Albans Avenue
Newtown Square, PA 19073

Ms. Susan Mae Boates
Mr. Ricky L. Boates
1024 Langley Street
Trainer, PA 19061